ALBANY,
Feb. 1810.

HART
v.
FAULKENER.

Where a judge,
at his chambers,
on a rule to show
cause of action,
allowed the
plaintiff to make
supplementary
affidavits, on
which the de-
fendant was held
to bail, on a mo-
tion of the de-
fendant, after-
wards, for an
*exoneretur*, on
the ground of
the irregularity
of the judge's
order; it was
held, that this
was an original
application, and
that *counter*-af-
fidavits on the
part of the plain-
tiff were admis-
sible. Where
the first affida-
vit of the plain-
tiff, is insuffici-
ent, whether a
*supplementary*
affidavit, in or-
der to hold the
defendant to
bail, is admissi-
ble? *Quære*.

HART *against* FAULKENER.

JOHNSON, for the defendant, moved that an *exone-retur* be entered on the bail-piece, filed in this cause. The *capias ad resp.* on which the defendant was arrest-ed, was returnable on the last day of *November* term. On the 27th *November*, an order was obtained and serv-ed on the plaintiff's attorney, to show cause of action before the recorder of the city of *New-York*, on the first day of *December*; and on that day, the plaintiff made af-fidavit, that the defendant was indebted to him in the sum of 2,100 dollars as the plaintiff verily believed, for goods sold and delivered; and for the further sum of 400 dollars, according to the best of the plaintiff's judg-ment, for a breach of a simple contract. This affidavit being objected to, as insufficient, the recorder gave the plaintiff time to produce another affidavit; and on the 4th *December*, he made a second affidavit, that the pre-sent suit was brought to recover of the defendant, 2,100 dollars, due and owing to the plaintiff, for goods sold and delivered to the defendant, and also for damages for the breach of a simple contract, amounting, accord-ing to the plaintiff's belief, to 400 dollars. This affida-vit being also objected to, as insufficient, a third affidavit was made by the plaintiff, stating that the defendant was justly indebted to the plaintiff, in the sum of 2,100 dollars, for goods sold and delivered, &c. on which the defendant was ordered to be held to bail, in the sum of 3,000 dollars.

*J. Radcliff*, for the plaintiff, offered counter-affidavits, which were objected to by the defendant's counsel, but admitted by the court. The affidavits stated, that the defendant was justly indebted to the plaintiff in the sum of 2,100 dollars, for goods sold and delivered, &c. and

in the further sum of 400 dollars, for damages, by reason of the non-performance of a certain agreement, &c. and that since the defendant had been held to bail, by order of the recorder of *New-York*, he had offered to the plaintiff, in part payment of the balance due to him, an order for 1,600 dollars, on the persons in whose hands the defendant had deposited the goods sold to him, and also offered to pay the balance that might be due to the plaintiff, and that the defendant had since absconded.

*Johnson* observed, that according to the practice of the court of *King's Bench*, an affidavit to hold to bail, after it was once made could not be amended, nor its defects cured by a supplementary affidavit ; nor were counter-affidavits ever admitted to contradict it.* The first and second affidavits of the plaintiff were clearly insufficient.† It is true, that the rule of practice is different in the court of C. P. in *England ;* but even there, a supplementary affidavit is not allowed where the original affidavit is bad for uncertainty ;‡ but this court follows the practice of the K. B. in cases not provided for by its own rules.§

*Radcliff* insisted, that as this was an original application to the court to exonerate the bail; counter-affidavits might be received as in any other case.¶

*Per Curiam.* This is an original application to the court, and counter-affidavits are admissible, according to the established course of practice. The affidavit read on the part of the plaintiff, is positive as to the cause of action, and amply sufficient to hold the defendant to bail ; and the amount as fixed by the recorder, is not unreasonable. The motion ought, therefore, to be denied, with costs.

Rule refused.